**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **INGRID DEVLIN** | ) | |
|     PLAINTIFF | ) | **CIVIL ACTION NO.:** |
| | ) | |
| VS. | ) | **4:12-cv-0036** |
| | ) | |
| **CROSSCHECK, INC.** | ) | |
|     DEFENDANT. | ) | **JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Ingrid Devlin brings this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. seeking a declaration that Defendant's debt collection practices violate the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §1331.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here and the Defendant transacts business here.

**PARTIES**

3. Plaintiff Ingrid Devlin is a citizen of the State of Missouri, residing in the Eastern District of Missouri, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Banfield Pet Hospital.

4. Defendant, CrossCheck, Inc. (herreinafter referred to as "CrossCheck") is a California Corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, as it regularly uses the mails and/or telephone to collect or attempt to collect

delinquent consumer debts, including delinquent consumer debts in the Eastern District of Missouri. CrossCheck was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff. CrossCheck's Registered Agent is John David Siembieda, 1440 North McDowell Boulevard, Petaluma, CA 94954.

## FACTUAL ALLEGATIONS

5. During the first week of December 2011, Defendant began to contact Plaintiff in an effort to collect on a delinquent consumer debt originally owed to Banfield Pet Hospital. Plaintiff received a collection letter at her residential address which is 442 S. Gore, St. Louis, MO 63119 dated December 9, 2011, and received several phone calls and voice messages on his residential phone line which is (314) 962-4993.

6. Plaintiff has preserved 5 of the messages which were received between December 10, 2011 and December 31, 2011.

7. In all of the messages, Defendant's collector failed to mention that he was calling on behalf of CrossCheck or otherwise provide meaningful disclosure of CrossCheck's identity,

8. In all of the messages, CrossCheck's collector failed to state that he was a debt collector and/or that the call was being made in an effort to collect a debt.

9. In some of the messages, CrossChecks collector stated that he was calling about a "pending legal matter," even though no legal action was pending at the time.

10. While attempting to contact Plaintiff at her residence both in writing and by telephone, representatives of CrossCheck contacted Plaintiff's mother, Joyce Devlin, at her residential phone line which is (314) 961-9936. Defendant was already in

possession of Plaintiff's location information at the time of each contact or attempted contact with Joyce Devlin.  These calls began during the week of December 12, 2011.

11. Joyce Devlin spoke with Defendant's representatives on one occasion during the week of December 12, 2011.  On this occasion, the collector asked to speak with Ingrid Devlin.  Joyce Devlin advised the caller that Ingrid Devlin did not reside with her and requested that the collector take the matter up directly with Ingrid Devlin.  She also requested that he stop calling her.  The collector advised Joyce Devlin that she was listed as a "reference" by Ingrid Devlin, and by virtue of this fact, he was free to call her as often as he pleased.

12. Joyce Devlin received 3 voice messages on her residential phone line's voice message system on December 13, 2011, December 19, 2011 and December 22, 2011.  In all three messages, the collector left a direct message for Ingrid Devlin and did not request any location information.  In one of the messages, the collector mentioned that he was calling about a pending legal matter for Banfield Pet Hospital.  All three message were received after Joyce Devlin had requested that CrossCheck's collectors stop contacting her.

13. All of Defendant CrossCheck's collection actions at issue in this matter occurred within one year of the date of this Complaint.

## COUNT I
## Violations Of § 1692b and § 1692c(b) Of the FDCPA
## Improper Third Party Contacts

14. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

15. Section 1692c(b) of the FDCPA prohibits a debt collector from communicating with any other person, including a consumer's relatives, without the prior consent of the consumer. No such consent was provided.

16. Section 1692b(3) of the FDCPA provides a very limited exception to the no contact rule contained in §1692c(b). That exception involves acquiring location information about the consumer.

17. At the time of the communications and contacts with Plaintiff's mother, Joyce Devlin, Defendant CrossCheck was already in possession of Plaintiff's home address and residential phone line, as evidenced by the fact that its collectors had contacted Plaintiff on numerous occasions in the week prior to the attempts to communicate with Plaintiff's mother-in-law.

18. Though a debt collector's search for information concerning the consumer's location is expressly excepted from the ban on third party contacts as set forth in §1692c(b), a debt collector may not contact third parties under the pretense of gaining information already in its possession.  See Federal Trade Commission Staff Commentary § 805(b)(2).

19. In addition, a debt collector, in attempting to acquire location information, cannot disclose in any communication with the third party that he or she is a debt collector or that the communication relates to the collection of a debt. See15 U.S.C. § 1692b(5).

20. Defendant repeatedly violated §§ 1692b(2) and 1692b(5) by calling Plaintiff's mother-in-law, Joyce Devlin, and communicating information to her which

made it obvious that the purpose of the call was an attempt to collect a debt from Plaintiff.

21. CrossCheck violated §§1692c(b) and 1692b of the FDCPA since Plaintiff did not consent to the contacts with her mother-in-law, and since CrossCheck was already in possession of Plaintiff's location information, it did not legitimately need to acquire location information from Plaintiff's mother-in-law.

22. Defendant's violations §§ 1692c(b) and 1692b of the FDCPA render it liable for actual damages and statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k.

## COUNT II
## Violations Of § 1692e(10) Of the FDCPA
## False and Deceptive Statements

23. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

24. Section 1692e(10) of the FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

25. When Defendant CrossCheck's collector left a message on Plaintiff's residential voice mail recording device stating that she needed to speak with Plaintiff regarding "a pending legal matter," and when he advised Plaintiff's mother-in-law that he was free to contact her about the matter because Plaintiff had listed her as a reference, he made false and deceptive statements in an effort to collect a debt in violation of § 1692e(10).

26.     Defendant's violations of 1692e(10) of the FDCPA render it liable for actual damages and statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k.

### COUNT III
### Violations Of §§ 1692d(6) & 1692e(11) Of the FDCPA
### Failure to Provide Required Disclosures

27.     Plaintiff repeats the allegations contained above as if the same were here set forth at length.

28.     Section 1692e(11) of the FDCPA requires debt collectors in subsequent communications to consumers to disclose that the communication is from a debt collector in an attempt to collect a debt.

29.     Section 1692d(6) of the FDCPA requires debt collectors placing phone calls with consumers to provide meaningful disclosure of the debt collector's identity.

30.     Defendant's collectors left five messages on Plaintiff's residential voice mail recording device between Dec. 10, 2011 and December 11, 2011 in an effort to collect on a delinquent consumer debt.

31.     Defendant's collectors failed to state that the call was from a debt collector in an attempt to collect a debt in all three of the calls in violation of § 1692e(11) of the FDCPA.

32.     Defendant's collectors failed to identify CrossCheck as the entity leaving the message in two of the messages in violation of § 1692d(6) of the FDCPA.

33.     Defendant's violations of Sections 1692e(11) and 1692d(6) of the FDCPA renders it liable for actual damages and statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k.

## **PRAYER FOR RELIEF**

Plaintiff, Ingrid Devlin, prays that this Court:

1. Declare that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff and against Defendant for actual and statutory damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a); and

3. Grant such further relief as deemed just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

/s/ Ingrid Devlin
**Ingrid Devlin**

## HEALEY LAW, LLC

/s/ Robert T. Healey
Robert T. Healey
EDMO # 34138MO
Attorney for Plaintiff
640 Cepi Drive, Suite A
Chesterfield, MO 63005
bob@healeylawllc.com
telephone:   (636) 536-5175
fax:             (636) 590-2882